

-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DR. JOHN WILLIAM MUNSON,

        Plaintiff,

        -v-

JAMES DRAGGON, et al.,

        Respondents.

_____

**DECISION AND ORDER**
14-CV-0228S

Upon the transfer of this action to this Court by the United States District Court for the District of Montana, the Court granted plaintiff permission to proceed *in forma pauperis* but "due to the largely indecipherable nature of the allegations set forth in the complaint," the Court could not "intelligently determine what the full nature of the allegations" were and, therefore, plaintiff was directed to file an amended complaint by September 10, 2014. Plaintiff was warned that if he did not file a decipherable and intelligible amended complaint by that date this action would be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). (Docket No. 6, Decision and Order, at 1-2.)

On August 20, 2014, the copy of the Decision and Order mailed to plaintiff was returned as undeliverable with a notation that plaintiff no longer resided at the address the Decision and Order was forwarded--the address the Court had

on record for plaintiff[1]--and on September 26, 2014, upon plaintiff's failure to file an amended complaint as directed, a Judgment was entered dismissing this action. (Docket No. 7.)

On October 21, 2014, plaintiff filed a "Notice of Change of Address Possibly Out of Time," which informed the Court of his current address and asked the Court to change his address "nunc pro tunc" and "reset all clocks for prosecution." While the Notice is generally confusing and partly illegible, it appears that plaintiff is claiming that all his documents were seized. He also attaches to the Notice a notice from a Justice Court in Montana appointing him counsel in some criminal proceeding pending in Montana; the relevance or significance of which is unknown.

While the Court is reluctant to reopen this action and provide plaintiff additional time to file an amended complaint, due in large part to the unintelligibility of the complaint and his prior litigation history in the Court,[2] the Court is compelled to provide *pro se* litigants with "special solicitude," *see, e.g., Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir.1994) (recognizing that pro se litigants must

---

[1] Rule 5.2(d) of the Local Rules of Civil Procedure states that a *pro se* litigant "must furnish the Court with a current address at which papers may be served on the litigant. .... In addition, the Court must have a current address at all times. Thus a *pro se* litigant must notify the Court immediately in writing of any change of address. Failure to do so may result in dismissal of the case with prejudice."

[2] *Munson v. United States*, 12-CV-0946S (dismissing *sua sponte* petition for writ of habeas complaining that Munson showed up at a passport office in Buffalo, New York demanding that he be issued a passport and his demand was denied).

2

be accorded "special solicitude"), and, therefore, it will provide plaintiff one last opportunity to file an amended complaint. Accordingly,

IT IS HEREBY ORDERED that the Clerk of the Court is directed to reopen this action;

FURTHER, that plaintiff is granted leave to file an amended complaint up to and including January 30, 2015;

**FURTHER**, that plaintiff is forewarned that if he fails to file a fully legible and intelligible amended complaint by **January 30, 2015**, the complaint will be dismissed with prejudice without further order of the Court;

FURTHER, that the Clerk of the Court is directed to forward to plaintiff with this Order a copy of the Court's prior Decision and Order (Docket No. 6), a copy of the original complaint, a blank § 1983 complaint form, and the instructions for preparing an amended complaint;[3]

FURTHER, that in the event the complaint is dismissed because plaintiff has failed to file an amended complaint by **January 30, 2015**, the Clerk of the Court shall close this case as dismissed with prejudice without further order; and

---

[3]Plaintiff is advised that an amended complaint is intended to **completely replace** the prior complaint in the action. "It is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect." Arce v. Walker, 139 F.3d 329, 332 n. 4 (2d Cir. 1998) (quoting International Controls Corp. v. Vesco, 556 F.2d 665, 668 (2d Cir. 1977)); see also Shields v. Citytrust Bancorp, Inc., 25 F.3d 1124, 1128 (2d Cir. 1994). Therefore, plaintiff's amended complaint must include all of the allegations against each of the defendants named herein, so that the amended complaint may stand alone as the sole complaint in this action which the defendants must answer.

FURTHER, that in the event the complaint is dismissed because plaintiff has failed to file an amended complaint by **January 30, 2015**, the Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied.  *Coppedge v. United States*, 369 U.S. 438 (1962).  Further requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

IT IS SO ORDERED.

_____
HONORABLE RICHARD J. ARCARA
DISTRICT JUDGE
UNITED STATES DISTRICT COURT

Dated:   December 19, 2014